# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARZA, ) | 1:07-CV-01453 OWW NEW (DLB) HC |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| v. ) | |
| ) | |
| ON HABEAS CORPUS, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 19, 2007, Petitioner filed a federal petition for writ of habeas corpus in this Court. This petition was assigned case number "1:07-CV-01067 LJO TAG HC." On October 4, 2007, Petitioner filed another federal petition for writ of habeas corpus in this Court. This petition was assigned case number "1:07-CV-01453 OWW NEW (DLB) HC." The Court has reviewed both of the pending federal petitions listed above and finds that the second petition is duplicative.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.

1  California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have
2  'no right to maintain two separate actions involving the same subject matter at the same time in the
3  same court and against the same defendant.'"  Adams,  487 F.3d at 688 (quoting Walton v. Eaton
4  Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).
5      In assessing whether a second action is duplicative of the first, the court examines whether
6  the causes of action and relief sought, as well as the parties or privies to the action, are the same.
7  Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits
8  are identical pursuant to the transaction test, developed in the context of claim preclusion.  Id.
9  Second, the court determines whether the defendants are the same or in privity.   Privity includes an
10 array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419
11 F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual representation are an identity of
12 interests and adequate representation."  Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).
13 "Additional features of a virtual representation relationship include a close relationship, substantial
14 participation, and tactical maneuvering."  Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at
15 996).
16     A plaintiffs is required to bring at one time all of the claims against a party or privies relating
17 to the same transaction or event.  Adams, 487 F.3d at 693.  The court has discretion to dismiss a
18 duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action
19 and litigating piecemeal the issues which could have been resolved in one action."  Adams, 487 F.3d
20 at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per
21 curiam)).
22     In this case, the petitions challenge the same Cal. Penal Code § 245(A) offense for fighting
23 and the claims raised are the same. Therefore, the Court finds that the instant action should be
24 dismissed.

## RECOMMENDATION

26     Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be
27 DISMISSED as duplicative.
28     This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 11, 2007**            **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE